**STATE, Plaintiff-Appellee, v. STALLINGS, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1939. Decided November 29, 1947.

Mathias H. Heck, Prosecuting Attorney, Robert Schroader, Asst. Pros. Atty., Dayton, for plaintiff.

Thomas B. Talbot and J. H. Patricoff, Dayton, for defendant.

## OPINION

By WISEMAN, P. J.:

This is an appeal on law from the judgment of the Common Pleas Court of Montgomery County, Ohio which rendered judgment on the verdict in a case in which the defendant was indicted, tried, and convicted of murder in the second degree.

The defendant-appellant assigned as error: that the verdict is contrary to law; that the verdict is against the manifest weight of the evidence; that the trial court failed to modify the verdict in accordance with the evidence; that the evidence did not warrant a conviction of murder in the second degree; and other errors apparent on the face of the record. The several errors assigned are considered together since the principal question for determination is whether there was sufficient evidence to warrant a conviction of murder in the second degree.

The defendant-appellant contends that the evidence does not show the defendant to be guilty of the crime charged and for which he was convicted but proves the lesser crime of manslaughter in the first degree. The contention is made that the trial court under the provisions of §13449-1, Para. 4, GC should have modified the verdict accordingly, and, also that this court should modify the verdict and pass sentence on the verdict as modified. **Sec. 13459-6 GC.**

Is the evidence sufficient to support the verdict? Under a plea of not guilty the defendant attempted to show that he shot and killed the decedent in self-defense. Apparently the jury found that the evidence was insufficient to support this defense. The State at all times carried the burden to prove the defendant guilty of the crime charged beyond a reasonable doubt. There is ample evidence to support the verdict.

The evidence shows that on the afternoon in question the defendant, the decedent, Rufus Wright, and two other men came out of a cafe and entered upon a property in the rear of the cafe where they engaged in shooting craps. An argument ensued and the occupant of the property ordered them away. Thereupon they walked down an alley, crossed the street and entered a vacant lot. The evidence shows that the defendant claimed that the decedent had taken his money in the crap game. The decedent was unarmed and at the time the shot was fired was at least ten feet from the defendant. There is evidence from which the conclusion may be drawn that immediately before the shooting the decedent was in the act of walking away from the defendant. The bullet which killed the decedent entered the breast on the left side and lodged in the ribs on the right side. This fact lends support to the contention that the decedent was not facing nor approaching the defendant at the time the shot was fired. On the other hand, it supports the contention that the decedent was in the act of walking away and had turned slightly to look toward the defendant at the time the shot was fired. Immediately after firing the shot the defendant threw the gun away, left the scene of the crime, and did not return to his home. He was apprehended the following day at the home of a friend.

On cross-examination the defendant testified as follows:
"Q. You did intend to shoot him through, didn't you?
A. Yes, sir.
∗ ∗ ∗
Q. It was your purpose to shoot?
A. Yes, sir.
∗ ∗ ∗
Q. Then the first time and the first thing you had trouble with Rufus about was over the thirty-five cent bet?
A. Yes, sir.
Q. And you won that bet?
A. Yes, sir, I did.
Q. And you have gambled before, haven't you?
A. Yes, sir.

Q. Quite a bit?
A. Yes, sir.
"Q. And when you win a bet you want to collect it, don't you?
A. When I win I like to collect it.
Q. And Wright didn't pay you, did he?
A. No, sir, he didn't."

Whoever purposely and maliciously kills another is guilty of murder in the second degree. **Sec. 12403 GC.** There is evidence from which the jury could conclude that the defendant purposely killed the decedent. Proof that a killing was done purposely may be deduced from the attendant circumstances, the type of instrument used, the manner of its use, its tendency to destroy life when used in that manner. In the case at bar the evidence shows that the defendant used a .32 caliber revolver, a deadly weapon. The jury could reasonably deduce from the facts proved that the killing was done purposely and willfully.

Was the killing malicious? Only simple malice is required to be shown in murder in the second degree, and it may be implied from the facts proved. Simple malice may be presumed by proof of cruel acts and inhuman and atrocious conduct which indicates a reckless disregard of human life, although a deliberate design of taking life is absent. When a killing under such circumstances is established our law raises the presumption of simple malice or such malice as under our statute would constitute murder in the second degree. **Lindsey v State, 69 Oh St 215, 233; 21 O. Jur. pp. 39, 60.** Under the facts in this case simple malice would be presumed.

We can not find that the verdict is against the manifest weight of the evidence; neither is the verdict contrary to law. The court can not find in the evidence sufficient support for an order modifying the verdict.

We are of the opinion that the defendant had a fair trial and that substantial justice has been done.

Finding no error in the record the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.